IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States Fire Insurance Company, et al., | ) | CASE NO. 1:05CV 1112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| United Church of Christ, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motions of Defendants, United Church of Christ, Richard Roe I, and Richard Roe II to dismiss this action for lack of subject matter jurisdiction (ECF# 5-1; ECF # 11). Defendants contend that this Court lacks subject matter jurisdiction because complete diversity of citizenship does not exist between the parties. For the reasons that follow, Defendant's Motion is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, United States Fire Insurance Company, Westchester Fire Insurance Company, and North River Insurance Company (collectively "Plaintiffs") filed a Declaratory Judgment action against the defendants, United Church of Christ ("UCC"), Keith Trembath, Richard Roe I and Richard Roe II. The action seeks a declaration from the Court with regard to the Plaintiffs'

rights and obligations related to insurance coverage for claims brought against Richard Roe I and Richard Roe II in a lawsuit captioned <u>Richard Roe I and Richard Roe II v. United Church of Christ Corporation, et al.</u>, Case No. CV 04 532896 in the Cuyahoga County Court of Common Pleas. For diversity purposes it is uncontested that Plaintiffs are citizens of Delaware, Georgia, New York and New Jersey; Defendant Trembath is a citizen of Wisconsin; and both Richard Roes are citizens of Ohio. However, there is a disagreement between the parties as to the citizenship of the final Defendant, the UCC. Both parties have submitted memorandum to the Court in support of their positions. The case is fully briefed and ready for disposition.

Plaintiffs claim that because the "General Synod" of the United Church of Christ is incorporated in Ohio, the entire organization should be deemed to be incorporated in Ohio, and therefore an Ohio citizen for purposes of diversity jurisdiction. If this is true, then there is complete diversity of the parties and this Court would have subject matter jurisdiction over this action. Defendants contend, however, that the UCC is an unincorporated association which takes on the citizenship of each of its members. The Church has members in every state including New York, Delaware, Georgia and New Jersey. Thus, under this theory of citizenship, there would be no diversity and this Court would lack subject matter jurisdiction over the action.

## DISCUSSION

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. See, e.g., <u>Kokkonen v. Guardian Life Ins. Co. of America.</u>, 511 U.S. 375, 377 (1994). Federal jurisdiction in this case is claimed pursuant to 28 U.S.C. § 1332, which requires complete diversity of the parties. See, <u>Carden v. Arkoma Assoc.</u>,

-2-

494 U.S. 185, 187 (1990). Courts strictly construe the removal statutes and all doubts are to be resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), Keller v. Honeywell Protective Services, 742 F. Supp. 425, 426 (N. D. Ohio 1990). The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

Brierly, v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction.

There is no dispute that an unincorporated association takes on the citizenship of each of its members for purposes of diversity jurisdiction. Carden v. Arkoma Associates, 494 U.S. 185, 189-190 (1990). This applies to religious organizations as well as secular organizations. See, 32 A AM. JUR. 2D *Federal Courts* §844 (1995). The question is whether the UCC is incorporated or unincorporated. There is no dispute that the UCC's General Synod or "representative body" is incorporated in Ohio. The dispute is over whether this equates to an incorporation of the Church itself.

Plaintiffs cite to Ohio Rev. Code §1715.18 in support of its argument that the incorporation of the General Synod equates to an incorporation of the UCC. This code section generally states that a representative body of a religious denomination may incorporate a specific church or other central or general religious society or church within its denomination if it has been granted certain powers including a charge of both local and general religious, educational or

-3-

chartitable functions. That incorporation is effective as to the members or trustees named in the application under the corporate name proposed in the application, and for only the purposes set forth in that application.

This statute appears to address the ability of the General Synod to incorporate individual churches or societies within a larger religious body. It does not lend credence to an argument that the incorporation of a subdivisions of a religious denomination equates to the incorporation of the entire religious denomination. Further, the statute specifically limits the scope of the incorporation to those members or trustees specified in the incorporation documents, under the name set forth in the incorporation documents, and for only such purposes as are set forth in the incorporation documents. Plaintiffs have presented no evidence whatsoever that the incorporation documents submitted by the General Synod attempted to name the entire UCC organization or that they set forth purposes of incorporation that would be relevant to this action or to the determination of diversity.

The UCC is a religious denomination. (Cope Aff. ¶ 3). Defendants have set forth evidence that it was duly constituted as an unincorporated and voluntary religious association on June 25, 1957. (Cope Aff. ¶ 4). Various subdivisions of this larger organization have been separately incorporated, including the Office of General Ministries, Local Church Ministries, Wider Church Ministries, and Justice and Witness Ministries. (Cope Aff. ¶ 6).

Although the General Synod is "the representative body of the United Church of Christ" there is no evidence that it is the sole representative of UCC in all matters. In fact the Constitution of the United Church of Christ states that it is composed of Local Churches, Associations, Conferences and the General Synod. (UCC Const. Article III, para. 5). Each of

-4-

these entities represents the UCC in various aspects of its mandates. General Synod has no "power to abridge or impair the autonomy of any Local Church in the management of its own affairs, which affairs include, but are not limited to, the right to retain or adopt its own methods of organization, worship and education... to adopt its own constitution and bylaws; . . . to admit members in its own way and to provide for their discipline or dismissal; to call or dismiss its pastor or pastors by such procedures as it shall determine; to acquire, own, manage and dispose of property and funds. . . ." (UCC Const., Article V, para. 18; see also, UCC Const., Article IX, para. 54).

It does not appear from the language of the UCC Constitution that the General Synod is the sole representative of the UCC in all matters; nor have the Plaintiffs provided any evidence that its representation of the UCC comports with the purposes set forth in the General Synod's incorporation documents. Therefore, there is insufficient evidence for this Court to find that the General Synod's incorporation should be imputed to the UCC in toto for purposes of diversity jurisdiction. Because the Plaintiffs bear the burden of proving complete diversity existed at the time the action was filed and they have not met this burden, the Court must dismiss this action for want of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Defendants Motions to Dismiss for Lack of Subject Matter Jurisdiction are GRANTED. This action is hereby dismissed without prejudice. The parties shall bear their own costs.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: July 6, 2005